J-A13030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PETITION OF W.G.M., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEGHENY COUNTY DEPARTMENT | : | No. 1294 WDA 2017 |
| OF BEHAVIORAL HEALTH AND THE | : | |
| PENNSYLVANIA STATE POLICE | : | |

Appeal from the Order August 23, 2017
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  CC No 637 of 2014

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                **FILED AUGUST 29, 2018**

Appellant, W.G.M., seeks review of the denial of his Petition to Expunge records of his involuntary commitment pursuant to the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7302 ("Section 302").  After careful review of the record and applicable statutory and case law, we conclude that the trial court properly exercised its discretion in denying Appellant's Petition for Expungement.

The facts underlying this appeal are as follows.  On March 17, 2014, Appellant's mother filed an "Application for Involuntary Emergency Examination and Treatment," asserting Appellant had isolated himself in his bedroom with loaded firearms.  **See** Section 302 Application at Part I.  She stated that Appellant has a diagnosed bipolar disorder, and that he was "currently in a manic state."  **Id**.  She stated that Appellant had recently hit

and threatened her, threatened his sister, and failed and refused to perform basic personal hygiene, including changing his clothes and bathing, for over 4 months. She reported that his sleeping had been erratic and "in the past month it has been more erratic since a bad experience with prescribed Lithium." Section 302 Application at Part I. She also noted that Appellant's treating psychiatrist at Western Psychiatric Institute and Clinic ("WPIC"), Dr. Mark Miller, had prescribed nardil and clonazepam. Appellant's mother also noted that Appellant interacted only with his family and a video game community.

Pursuant to a warrant, Appellant was transported to WPIC for examination on March 17, 2014. After examining Appellant, the physician found that Appellant "[d]enies 302 allegations, is calm and sitting on the couch." Section 302 Application at Part VI. With respect to treatment needed, the examining physician wrote "[f]urther psychiatric evaluation needed." *Id*. The physician also opined that Appellant "is severely mentally disabled and in need of treatment. He should be admitted to a facility designated by the County Administrator for a period of treatment not to exceed 120 hours." *Id*.[1]

---

[1] Two days later, on March 19, 2014, the doctor certified Appellant for continuing involuntary commitment pursuant to Section 7303 of the MHPA. Appellant immediately appealed the trial court's Order sanctioning the Section 303 commitment. After concluding that the orphans' court had failed to hold a hearing before ordering the Section 303 commitment, this Court ordered that the Section 303 records be expunged. *See In re: W.M.*, No. 772 WDA 2014 (Pa. Super. filed Aug. 3, 2015).

On June 29, 2017, Appellant filed a Petition for Expungement pursuant to 18 Pa.C.S. § 6111.1(g)(2). He averred that the Section 302 Application provided insufficient evidence upon which to commit him involuntarily because it did not include detailed medical findings and a specific diagnosis. The trial court held a hearing on August 22, 2017, after which it denied the Petition for Expungement.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.RA.P. 1925.

Appellant raises the following issues for our review:

1. May a person who is not mentally ill be legally subjected to involuntary emergency examination and treatment on the authority of Section 7302 of the Pennsylvania [MHPA]?

2. Was the evidence supporting the emergency involuntary examination and treatment of Petition, WGM, on the authority of Section 7302 of the MHPA legally sufficient?

Appellant's Brief at 2 (suggested answers omitted).

We review the trial court's denial of a motion for expunction for an abuse of discretion. *Commonwealth v. Smerconish*, 112 A.3d 1260, 1263 (Pa. Super. 2015) (citations omitted).

We address Appellant's issues together. Appellant relied on Section 6111.1(g)(2) of the Uniform Firearms Act to challenge the sufficiency of the evidence supporting his Section 302 involuntary commitment, which provides:

(2) A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act[] may petition the court to review the sufficiency of the evidence **upon which the commitment was based**. If the court determines that the

evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. A petition filed under this subsection shall toll the 60-day period set forth under section 6105(a)(2).[2]

18 Pa.C.S. § 6111.1(g)(2) (footnote omitted; emphasis added).

"A sufficiency review pursuant to section 6111.1(g)(2) of the Uniform Firearms Act is merely a mechanism to expunge the PSP's record of an individual's 302 commitment to remove" the firearms disqualification. *In re Vencil*, 152 A.3d 235, 245 (Pa. 2017). Accordingly, a Section 6111.1(g)(2) expungement petition does not garner a trial *de novo*; rather, the only evidence the court need consider is that which was "known by the physician at the time [of the commitment], as contained in the contemporaneously-created record." *Id.* at 242.

As our Supreme Court noted in *Vencil*, *supra*, "[d]eference to the facts as found by the original factfinder[, *i.e.*, the physician,] is of particular importance in circumstances where the factfinders have specialized training or knowledge that makes them uniquely qualified to reach the findings and conclusions the General Assembly has entrusted them to make." *Id*. at 243.

_____

[2] 18 Pa.C.S. § 6105(c)(4) provides that a person who has been involuntarily committed to a mental institution for inpatient care and treatment under Section 302 of MHPA may not possess a firearm. Section 6105(a)(2)(i) mandates that such a person has 60 days in which to sell or otherwise relinquish or dispose of their firearms. 18 Pa.C.S. § 6105(a)(2)(i). As noted above, a Section 6111.1(g)(2) challenge to the sufficiency of the evidence tolls that 60-day relinquishment period. Our legislature has not, however, provided a statute of limitations period in the MHPA for challenging the sufficiency of the evidence supporting the Section 302 commitment.

Moreover, "Section 6111.1(g)(2) does not … authorize a trial court to 'redecide the case,' operating as a 'substitute' for the physician who originally decided the 302 commitment was medically necessary." *Id*. at 244 (citations omitted).

Appellant avers that because the examining physician did not write a specific diagnosis in Part VI of the Section 302 Application, Appellant's "involuntary examination and treatment was not authorized by the MHPA and was illegal." Appellant's Brief at 5, 8. Although Appellant sporadically cites the *Vencil* opinion throughout his Brief, he nonetheless avers that "Section 7302 does not authorize an examining physician to base a determination that a person is mentally ill within the meaning of [S]ection 301 and in need of treatment on anything other than the examination of the person himself or herself." *Id*. at 16 (citing no authority).

As noted above, the *Vencil* court specifically held that the language of Section 6111.1(g)(2) "requires [the] court of common pleas to review only the sufficiency of the evidence to support the 302 commitment, **limited to the information available to the physician at the time**" of the commitment recommendation, "viewed in the light most favorable to the physician as the original decision-maker to determine whether his or her findings are supported by a preponderance of the evidence." *Vencil*, 152 A.3d at 237. Here, the information available to the psychiatrist at the time of Appellant's Section 302 commitment included not only his examination of Appellant, but also his professional consideration of the observations made by

Appellant's mother with whom Appellant had been living for at least the prior three years. It is axiomatic that an examining psychiatrist, informed by his training, expertise, and experience as a psychiatrist, reviews all of the information available to him before making a finding that a patient requires or does not require further evaluation and treatment for mental health issues. No one disputes that the examining psychiatrist here, working at a well-respected psychiatric facility at which Appellant's own treating psychiatrist worked, was any less professional in his evaluation of all of the information available to him at the time.

As the orphans' court concluded, Appellant's contention that a Section 6111.1 review of a commitment determination can only be based on the physician's examination "is difficult to reconcile with *Vencil*'s own declaration that any determination of the sufficiency of the evidence to support a 302 commitment must include consideration of the information that was, in fact, made available to the examining physician." Orphans' Court Opinion, dated Oct. 24, 2017, at 8. We, thus, conclude that the orphans' court properly concluded for purposes of its Section 6111.1 review that sufficient evidence supported the Section 302 commitment. Accordingly, the court did not abuse its discretion in denying Appellant's Petition for Expungement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2018